IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00196-MR-WCM

| | |
|---|---|
| **STATE FARM LIFE INSURANCE COMPANY,** ) ) ) Plaintiff, ) ) vs. ) ) **LAUREN MICHELLE REYHER; and TARA MICHELLE WRIGHT,** ) ) ) ) Defendants. ) _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Joint Motion for Judgment on the Pleadings filed by Plaintiff and Defendant Reyher [Doc. 18].

State Farm Life Insurance Co. ("Plaintiff") filed its Interpleader Complaint against Lauren Reyher ("Reyher") and Tara Wright ("Wright"), collectively "Defendants," on August 2, 2023. [Doc. 1]. Therein, Plaintiff alleges that Defendants made adverse claims to a life insurance policy that it issued to Joseph W. Goddard (the "policy").[1] [Id. at ¶¶ 5, 7, 10]. On October 2, 2023, Reyher answered Plaintiff's Complaint, asserting

---

[1] Mr. Goddard passed away on August 26, 2022. [Doc. 1-1: Certificate of Death at 2].

counterclaims against Plaintiff and crossclaims against Wright. [Doc. 11]. Wright has not filed a pleading in this case.

On January 10, 2024, the Court entered an Order directing Plaintiff and Reyher to "file appropriate motions or [to] otherwise take further action with respect to . . . Wright." [Doc. 16]. Thereafter, Wright filed a notarized affidavit stating that she had "previously made a claim for benefits under [the policy,]" that she is "fully aware of [her] right to assert a claim for benefits under the [p]olicy," and that she is nevertheless "disclaim[ing] all beneficial interest [she] may have in the proceeds of the . . . [p]olicy" and "discharg[ing] [Plaintiff] and its agents and employees from all claims and demands [she] could ever make against the [p]olicy by reason of any beneficial interest [she] may have under it." [Doc. 17 at ¶¶ 2-4]. After Wright filed her affidavit, on January 24, 2024, Plaintiff and Reyher filed a Joint Motion for Judgment on the Pleadings. [Doc. 18].

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In evaluating such a motion, the Court is limited to considering the parties' *pleadings*, such as the plaintiff's complaint and the defendant's answer, as well as any documents attached thereto. See Fed. R. Civ. P. 7(a); see also Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) ("In resolving

a motion pursuant to . . . Rule 12(c), a district court **cannot consider matters outside the pleadings** . . . .") (emphasis added).  Additionally, "judgment on the pleadings is only appropriate when, taking all of the non-moving party's factual allegations as true, [it is clear from the pleadings that] no genuine issue of material fact remains and [that] the case can be determined as a matter of law."  Mendenhall v. Hanesbrands, Inc., 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012) (citing Smith v. McDonald, 562 F. Supp. 829, 842 (M.D.N.C. 1983), aff'd, 737 F.2d 427 (4th Cir. 1984), aff'd, 472 U.S. 479 (1985)).

Plaintiff and Reyher contend that as a result of Wright filing her affidavit disclaiming any interest in the policy that it can be determined as a matter of law that "Reyher is the proper sole beneficiary of the . . . [p]olicy[.]"  [Doc. 18 at ¶¶ 9-11(b)].  However, Wright's affidavit is not a pleading, nor was it attached to a pleading.  As such, it cannot be considered in deciding Plaintiff's and Reyher's joint motion for judgment on the pleadings.  Moreover, both of the pleadings that have been filed in this matter—Plaintiff's Interpleader Complaint and Reyher's Answer—specifically state that Reyher and Wright both claim to be entitled to the proceeds of the policy.  [Doc. 1 at ¶¶ 5-6; Doc. 11 at ¶¶ 5-6].  Accordingly, because the pleadings indicate that there is a dispute as to the proper

beneficiary of the policy, the joint motion for judgment on the pleadings is denied. To consider matters outside the pleadings, such as an affidavit, the issues would have to be considered on summary judgment.

**IT IS, THEREFORE, ORDERED** that Plaintiff's and Reyher's Joint Motion for Judgment on the Pleadings [Doc. 18] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that within fourteen (14) days of the entry of this Order Plaintiff and Reyher shall file appropriate motions or otherwise take further action with respect to Wright.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

Signed: March 18, 2024