IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00196-MR-WCM

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> LAUREN MICHELLE REYHER; and TARA MICHELLE WRIGHT, <br><br> Defendants. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Lauren Reyher's "Motion for Summary Judgment and, as an Alternative, and Motion for Entry of Default and Default Judgment" [Doc. 20] and the Plaintiff's Motion for Entry of Default as to Tara Michelle Wright [Doc. 21].

**I. BACKGROUND**

The Plaintiff State Farm Life Insurance Co. filed a Complaint in Interpleader against Lauren Reyher ("Reyher") and Tara Wright ("Wright"), on August 2, 2023. [Doc. 1]. In its Complaint, the Plaintiff alleges that the Defendants made adverse claims to the life insurance policy (the "Policy") that it had issued to Joseph Goddard ("Goddard"). Mr. Goddard died on August 26, 2022. [Id. at ¶¶ 5, 7, 10; Docs. 1-7: the Policy; 1-1: certificate of

death]. Although the Plaintiff filed this as an interpleader action, the Plaintiff did not deposit the funds at issue. Therefore, this action is more in the nature of a declaratory judgment action as to who might be the proper beneficiaries of the Policy.

On October 2, 2023, Reyher answered the Plaintiff's Complaint and asserted counterclaims against the Plaintiff. [Doc. 11]. Reyher also asserted a crossclaim against Wright, asserting that she (Reyher) has a right to the proceeds of the Policy paramount to that of Wright. [Id.]. Wright did not answer either the Complaint or the Crossclaim.

On January 10, 2024, the Court entered an Order directing the Plaintiff and Reyher to "file appropriate motions or [to] otherwise take further action with respect to . . . Wright." [Doc. 16]. Thereafter, the Plaintiff filed a notarized affidavit, executed by Wright, in which Wright disclaims "all beneficial interest [she] may have in the proceeds of the . . . Policy . . . ." [Doc. 17 at ¶ 4].

Relying on Wright's affidavit, the Plaintiff and Reyher filed a Joint Motion for Judgment on the Pleadings on January 24, 2024, arguing that the Court should declare Reyher the "proper sole beneficiary" of the Policy. [Doc. 18]. The Court denied this motion as improper and gave Reyher and

2

Case 1:23-cv-00196-MR-WCM   Document 23   Filed 04/24/24   Page 2 of 5

the Plaintiff fourteen (14) days to file appropriate motions or take further action as to Wright.  [See Doc. 19].

Reyher now files a motion seeking summary judgment, or, alternatively, the entry of default and a default judgment against Wright. [Doc. 20].  For relief, Reyher asks the Court to award the proceeds of the Policy to her in their entirety.  [Id.].  By way of a separate motion, the Plaintiff moves for the entry of default against Wright.  [Doc. 21].

## II. DISCUSSION

The Court first addresses the Plaintiff's Motion for Entry of Default against Wright.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "Although Rule 55(a) authorizes the clerk to enter a default, the [C]ourt is empowered under the rule to direct entry of default."  See Rodriguez v. Irwin, No. 7:10-CV-102-FL, 2011 WL 737316, at *5 (E.D.N.C. Feb. 23, 2011); see also White Pine Ins. Co. v. Interstate Towing, LLC, No. 3:21-0429, 2022 WL 1213606, at *1 (S.D. W. Va. Apr. 25, 2022); Synovus Bank v. Bokke IV L.L.C., No. 1:11-cv-00071-MR-DLH, 2013 WL 5492524, at *2 (W.D.N.C. Oct. 1, 2013).

As discussed above, the Plaintiff filed its Complaint against Reyher and Wright on August 2, 2023. [Doc. 1]. Wright has not filed a pleading in this matter, and the time for so doing has now passed. Moreover, she has not otherwise given any indication that she intends to defend any of the claims alleged against her. Accordingly, the Plaintiff's Motion is granted, and the Court will direct the Clerk to enter default against Wright.

The Court now turns to Reyher's Motion. In her Motion for Summary Judgment, Reyher seeks the award of the Policy's proceeds to her as the rightful claimant. Reyher's Motion, however, specifically states that it is a motion for partial summary judgment as to the Crossclaim only. In support of this Motion, Reyher cites the affidavit of Wright. That affidavit shows that there is no genuine issue of fact as to whether Reyher's interest in the proceeds is paramount to that of Wright, and that Wright has no interest in such proceeds. Therefore, Reyher's motion for partial summary judgment against Wright will be granted. This renders Reyher's alternative Motion for Entry of Default and Default Judgment moot.

This, however, does not entirely resolve the case. As the Plaintiff has never deposited the funds, this action is in the nature of a declaratory judgment as to who is entitled to the policy proceeds. While the resolution of Reyher's Motion has established that Wright is not entitled to such

4

proceeds, there is no motion before the Court as to who *is* entitled thereto. The parties are directed to take such action within fourteen (14) days of the entry of this Order directed at resolving the issue of whether Reyher or such other claimants may be entitled to the proceeds.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Entry of Default as to Tara Michelle Wright [Doc. 21] is hereby **GRANTED**, and the Clerk is respectfully directed to enter default against Wright as to the claims asserted in the Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that the portion of Reyher's Motion [Doc. 20] seeking summary judgment against Wright is **GRANTED**, and the portions of Reyher's Motion [Doc. 20] seeking the entry of default and default judgment against Wright are hereby **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Plaintiff and Reyher shall take appropriate action to resolve the issue of whether Reyher is entitled to the proceeds of the Policy, as explained herein, within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: April 23, 2024

Martin Reidinger
Chief United States District Judge