IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00196-MR-WCM

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) LAUREN MICHELLE REYHER; and ) TARA MICHELLE WRIGHT, ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Entry of Default Judgment [Doc. 26].

**I.   BACKGROUND**

State Farm Life Insurance Co. ("Plaintiff") filed a Complaint in Interpleader against Lauren Reyher ("Reyher") and Tara Wright ("Wright"), (collectively, "Defendants") on August 2, 2023. [Doc. 1]. In its Complaint, Plaintiff alleges that Defendants made adverse claims to the life insurance policy (the "Policy") that it had issued to Joseph Goddard ("Goddard"). Mr. Goddard died on August 26, 2022. [Id. at ¶¶ 5, 7, 10; Docs. 1-7: the Policy; 1-1: certificate of death]. Although Plaintiff filed this as an interpleader action,

it has not deposited the funds at issue with the Court. Therefore, this matter is more in the nature of a declaratory judgment action.

On October 2, 2023, Reyher answered Plaintiff's Complaint and asserted counterclaims. [Doc. 11]. Reyher also asserted a crossclaim against Wright, asserting that she (Reyher) has a right to the proceeds of the Policy paramount to that of Wright. [Id.]. Wright did not answer either the Complaint or the Crossclaim. On January 10, 2024, the Court entered an Order directing Plaintiff and Reyher to "file appropriate motions or [to] otherwise take further action with respect to . . . Wright." [Doc. 16]. Thereafter, Plaintiff filed a notarized affidavit, executed by Wright, in which Wright disclaims "all beneficial interest [she] may have in the proceeds of the . . . Policy . . . ." [Doc. 17 at ¶ 4].

On March 28, 2024, Reyher filed a motion seeking summary judgment, or, alternatively, the entry of default and a default judgment against Wright. [Doc. 20]. On April 1, 2024, Plaintiff filed a motion for entry of default against Wright. [Doc. 21]. On April 24, 2024, the Court entered an Order granting Plaintiff's motion and granting Reyher's motion insofar as she sought summary judgment against Wright. [Doc. 23]. The Clerk of Court entered default against Wright the same day. [Doc. 24]. In its Order, the Court explained, however, that while the resolution of these motions established

that Wright was *not* the proper beneficiary of the Policy, the motions did not address whether Reyher *is* the proper beneficiary. [Doc. 23 at 4-5].

On May 17, 2024, Plaintiff filed a motion, along with a supporting brief, seeking the entry of a default judgment against Wright and an Order declaring "that the policy proceeds be paid to Reyher, the only remaining claimant and beneficiary of the Policy proceeds." [Docs. 26; 26-1 at 5].

**II. DISCUSSION**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant, however, "is not held . . . to admit conclusions of law." Ryan, 253 F.3d at 780 (quoting Nishimatsu, 515 F.2d at 1206). The Court, therefore, must ordinarily determine whether the facts alleged state a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

However, "in the context of interpleader actions, the complaint's allegations do not need evaluation when determining whether to grant a

motion for default judgment; '[r]ather, a defendant's lack of action can be taken as forfeiting a claim to the property in dispute.'" Life Ins. Co. of N. Am. v. Quaye, No. 3:23cv130, 2023 WL 4672384, at *2 (E.D. Va. July 20, 2023) (quoting Pro. Foreclosure Corp. of Va. v. Ware, No. 1:20-cv-00421-LO-MSN, 2020 WL 6324882, at *2 (E.D. Va. Oct. 8, 2020), rep't and rec. adopted, No. 1:20-cv-421, 2020 WL 6323723 (E.D. Va. Oct. 27, 2020)); see also Met. Life. Ins. Co. v. Burgess, No. 7:21-cv-00521, 2022 WL 17477576, at *2 (W.D. Va. Dec. 6, 2022); Skyline Nat'l Bank v. Galax Elks Lodge #2212, Inc., No. 7:20-cv-00470, 2021 WL 279611, at *3 (W.D. Va. Jan. 27, 2021); Guardian Life Ins. Co. of Am. v. Spencer, No. 5:10CV00004, 2010 WL 3522132, at *3 (W.D. Va. Sept. 8, 2010) (citing Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 1030, 133 n.4 (4th Cir. 1984)).

As noted above, the Clerk entered default against Wright on April 24, 2024. [Doc. 24]. Therefore, Wright has forfeited any right she may have had to the Policy's proceeds.[1] Accordingly, Plaintiff's motion for entry of a default judgment against Wright will be granted. Additionally, because only Reyher and Wright made claims to the proceeds of the policy, and the Court has now

---

[1] Based on Wright's affidavit disclaiming "all beneficial interest [she] may have in the proceeds of the . . . Policy," the Court also determined in granting Reyher's motion for summary judgment that Wright is not entitled to the proceeds of the Policy. [See Doc. 23].

determined that Wright is not entitled thereto, Reyher is the only remaining claimant. As such, there are no longer adverse claims for the Court to resolve and Plaintiff may "simply disburse the funds" to Reyher. See Burgess, 2022 WL 17477576, at *2.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Entry of Default Judgment [Doc. 26] is hereby **GRANTED** and that Plaintiff is directed to pay the proceeds of the Policy to Defendant Lauren Reyher.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 27, 2024

Martin Reidinger
Chief United States District Judge